Argued and submitted September 27, 1991, reversed and remanded April 1,
reconsideration denied June 17, petition for review denied July 21, 1992 (313 Or 627)

STATE OF OREGON,
*Appellant,*

*v.*

MARK FORTUNE,
*Respondent.*

(10-89-01127; CA A66801)

828 P2d 483

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David K. Allen, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant was charged with rape in the first degree. ORS 163.375. The first trial resulted in a hung jury. During a recess in the second trial, the alleged victim told her mother that her father and grandfather had also molested her. Even though multiple molestations were potentially inconsistent with the medical evidence, the prosecutor did not disclose the information to defendant, because he believed that it was irrelevant and, even if relevant, that it was inadmissible, because it concerned the victim's past sexual conduct. Defendant was convicted. Before sentencing, defendant discovered not only that the victim had made the allegations, but also that she had later recanted as to her father. Arguing that the information was exculpatory and should have been disclosed during the trial, defendant moved for a new trial. The motion was granted, and a new attorney took up the case for defendant. New counsel then moved that the case against defendant be dismissed because of the failure to disclose.[1] After a hearing, the trial court concluded that the prosecutor "in good faith did not think that [the information] was exculpatory." However, because the trial court found that, "in hindsight," it was exculpatory, it ruled that it "didn't have any other choice" but to grant the motion for dismissal with prejudice. The state appeals. We review for abuse of discretion. *State v. Guinn*, 56 Or App 412, 416, 642 P2d 312 (1982).

The state and defendant both cite *State v. Kennedy*, 295 Or 260, 666 P2d 1316 (1983), as the leading case on when official misconduct warrants dismissal with prejudice:

> "[A] retrial is barred by [A]rticle I, section 12, of the Oregon Constitution when improper official conduct is so prejudicial to the defendant that it cannot be cured by means short of a mistrial, *and if the official knows that the conduct is improper and prejudicial* and either intends or is indifferent to the resulting mistrial or reversal. * * *
>
> "A court facing the issue may, of course, infer that the * * * official in fact knew what anyone in his or her position should know. But in ruling on an asserted bar against reprosecution * * *, *the court must find whether the official in*

---

[1] Counsel also alleged prosecutorial intimidation of a defense witness as a second basis for the motion to dimiss. The trial court found that allegation unproved and considered only the motion based on the failure to disclose.

*fact had that knowledge.* Incompetence, thoughtlessness, or excitability of the state's officers may lead to a mistrial, but it does not reflect a willingness to risk placing the defendant repeatedly in jeopardy for the same offense." 295 Or at 276. (Citations omitted; footnote omitted; emphasis supplied.)

*Kennedy* requires a finding by the trial court that the official actually knew that her conduct was improper and prejudicial before it can dismiss the action with prejudice. Here the trial court found the opposite. According to the trial judge, the evidence was not withheld with the intention of causing prejudice to defendant.

Reversed and remanded.